■ In the Matter of MICHAEL KATZMAN, Petitioner, v ALBERT B. LEWIS, as Superintendent of the New York State Insurance Department, Respondent. In the Matter of WALTER C. EPSTEIN, Petitioner, v ALBERT B. LEWIS, as Superintendent of the New York State Insurance Department, Respondent. —Determination of the Superintendent of Insurance, dated March 7, 1978, which, inter alia, revoked all licenses issued by the Insurance Department to the petitioners and denied all their pending applications for renewal, unanimously modified, on the law, by annulling the determination as to both petitioners on Specification B and as to petitioner Epstein on Specification C, and by remanding this matter for reconsideration of penalties, and, as modified, otherwise confirmed, without costs and without disbursements. The respondent superintendent served the Meridian Brokerage Corporation, the two petitioners and two other officers with a citation containing two charges. The first charge contained three specifications alleging violations of section 117 (subd 1, par [d]) and section 119 (subd 9, par [d]) of the Insurance Law for conduct demonstrating incompetency and untrustworthiness. The second charge, incorporating by reference the same three specifications, alleged a violation in the fiduciary area under section 125 of the Insurance Law. With regard to Specification A, there is substantial evidence in the record to support respondent's determination that the petitioners were not free from personal fault in the failure of Meridian to remit the full amount of premiums collected from Dan's Supreme Supermarkets, Inc., on or about January 1, 1975 (Matter of Horn v Schenck, 38 AD2d 812). Likewise, there is substantial evidence to support the determination of guilt as against petitioner Katzman for Meridian's failure to remit an unearned premium under Specification C. However, Specification B cannot be sustained against either petitioner. The evidence indicates that petitioner Epstein resigned in the middle of May, 1975; petitioner Katzman resigned as of July 15, 1975. The respondent's determination sets forth the fact that the return premium due Fred's Hardware Store could not have been returned any earlier than July 18, 1975. Since neither petitioner was then working for Meridian, there is no evidence to find them guilty on this specification. In reference to Specification C, petitioner Epstein was not employed by Meridian when it failed to forward the entire return premium to Dr. Pearsen on or about June 27, 1975. Hence, he cannot be found guilty under that specification. In

view of the dismissal of Specification B as against both petitioners and the dismissal of Specification C as against petitioner Epstein, this matter must be remanded for reconsideration as to punishment *(Matter of Baker v Board of Educ.,* 267 App Div 927). As a final comment, it should be observed that the hearing officer did not abuse his discretion in refusing to receive evidence as to Moskowitz' alleged misconduct after July 15, 1975, since neither petitioner was employed by Meridian during that time period. Such evidence would have thus been irrelevant to the charges against the petitioners. Concur—Murphy, P. J., Fein, Lane and Sullivan, JJ.